Argued October 5, reversed and remanded November 3, petition for rehearing allowed, affirmed December 21, 1955

## YURICK *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

289 P. 2d 683
291 P. 2d 721

*Howard R. Lonergan,* Assistant Attorney General, of Portland, argued the cause for appellant. With him

on the brief was Robert Y. Thornton, Attorney General, of Salem.

*Nels Peterson,* of Portland, argued the cause for respondent. With him on the brief were Frank H. Pozzi and Norman N. Griffith, of Portland.

Before WARNER, Chief Justice, and LUSK, BRAND and LATOURETTE, Justices.

## PER CURIAM.

Defendant, State Industrial Accident Commission, appeals from a judgment based on a jury verdict in favor of plaintiff allowing him permanent partial disability from August 13, 1951, for aggravation of an earlier injury. The complaint alleges that his condition became so aggravated on December 20, 1952 that he has been totally disabled since that date, and that at the time of filing the complaint, he was permanently and totally disabled, or, alternatively, that he was permanently and partially disabled on account of his injuries. It is then averred, as follows:

> "That the order dated March 20, 1953 denying plaintiff's application for increased compensation was erroneous and unjust, and the order dated April 8, 1953, denying plaintiff's petition for rehearing on said application was erroneous and unjust, and plaintiff is entitled to compensation from and after December 20, 1952, and plaintiff is entitled to an award from said defendant for permanent total disability, or, in the alternative, for permanent partial disability."

Since the complaint alleges an aggravation as of December 20, 1952, and that plaintiff is entitled to compensation from and after said date, it was error for the court to submit to the jury the question of plain-

tiff's aggravated condition from August 13, 1951. The jury's verdict fixing August 13, 1951 as the date of plaintiff's aggravated condition was likewise erroneous and can not be sustained, for the reason that there is a total variance between the verdict and the complaint.

■ At the conclusion of the taking of evidence, defendant moved for a directed verdict on the ground that there was insufficient evidence of aggravation warranting submission of the case to the jury. The court did not err in denying the motion because, in our opinion, the record discloses there was substantial evidence of aggravation of plaintiff's condition from and after December 20, 1952.

Reversed. New trial ordered.

**ON REHEARING**

ON PETITION FOR REHEARING

*Howard R. Lonergan,* Assistant Attorney General, of Portland, and *Robert Y. Thornton,* Attorney General, of Salem, attorneys for appellant.

*Peterson & Pozzi* and *Berkeley Lent* and *Norman N. Griffith,* of Portland, for petition.

Before WARNER, Chief Justice, and LUSK, BRAND and LATOURETTE, Justices.

PER CURIAM.

Plaintiff in his petition for a rehearing points out that we misconstrued the complaint when we fixed the date of aggravation of plaintiff's injuries as of De-

cember 20, 1952. The complaint alleges that on August 13, 1951, the commission by order closed plaintiff's claim and disallowed any further claims arising out of the accident of March 26, 1951. It was further averred that since the entry of said final order plaintiff's condition has become steadily worse and that on December 20, 1952, his condition became so greatly aggravated that he has been totally disabled from and after that date.

On this state of the record, if there were no intervening proceedings before the commission, the verdict of the jury would have been proper. However, it appears from the files of the accident commission in this case, which were offered in evidence but erroneously rejected by the court and which we have before us pursuant to an offer of proof, that on September 5, 1952, plaintiff petitioned the commission for increased compensation on account of aggravation of the injuries he received in the accident of March 26, 1951. No action was taken by the commission on this petition nor did plaintiff pursue the remedies afforded him by law to sustain his claim for aggravation. Later on and on January 13, 1953, plaintiff again petitioned for increased compensation on account of aggravation of his injuries from and after the date of his injuries, to-wit, March 26, 1951. On March 20, 1953 such application was denied and on April 1, 1953, plaintiff petitioned for rehearing which was likewise denied on April 8, 1953. It is from this last order that plaintiff filed his appeal with the circuit court and it is from the judgment on such appeal that the accident commission has pursued the present appeal to our court.

We are confronted with the question of the effect of the commission's failure to act on plaintiff's petition

for aggravation dated September 5, 1952. Bearing on this question is ORS 656.276 (3), which is as follows:

"If an application for increased compensation on account of aggravation is filed with the commission, the commission shall act thereon within 30 days from the date of filing, but may, by notifying the applicant, extend the time for entering an order, not to exceed 30 days. If such order is not entered by the commission within the time specified in this section, the application is deemed denied."

It is urged by plaintiff that he is not bound by the failure of the commission to act on the petition for aggravation since the word "deemed" should be construed as creating only a disputable, and not a conclusive, presumption, citing *Zimmerman v. Zimmerman,* 175 Or 585, 155 P2d 293, and therefore, the commission's failure to act had no effect as res judicata. The Zimmerman case considered the question of the residence of a person employed in the service of the United States wherein intent was involved and has no application in the present case.

Quoting from an opinion by Judge Deady, the United States Circuit Court for the Ninth Circuit, in *In re Shepherd's Estate,* 183 Or 629, 194 P2d 425, we said:

"The word 'deemed' is the equivalent of 'considered' or 'judged:' and, therefore, whatever an act of congress requires to be 'deemed' or 'taken' as true of any person or thing, must, in law, be considered as having been duly adjudged or established concerning such person or thing, and have force and effect accordingly."

◼ We hold that the failure of the commission to act on plaintiff's petition for aggravation dated September 5, 1952, was in legal effect a denial of plaintiff's petition and foreclosed any inquiry into plaintiff's condi-

tion prior to that date. It was therefore error for the trial court to submit to the jury the question of any aggravation arising before that date.

Before proceeding to the question, we call attention to the fact that the court was mislead in reaching its decision by the allegation in the complaint "That plaintiff is entitled to compensation from and after December 20, 1952." In his petition for rehearing plaintiff calls attention to ORS 656.276 (4), which reads as follows:

"No increase or rearrangement in compensation shall be operative for any period prior to the application therefor."

■ The application for increased compensation upon which the present appeal is predicated was filed with the commission on January 13, 1953. There is substantial evidence in the case of plaintiff's aggravated condition between the date of the denial of plaintiff's claim by operation of law for compensation, dated September 5, 1952, and the petition for aggravation, dated January 13, 1953. Since, under the above statute, plaintiff can not recover increased compensation prior to January 13, 1953, it would appear immaterial that the court included in the verdict submitted to the jury the aggravation phase prior to September 5, 1952. It will be remembered that the jury found by its verdict that the aggravation occurred between August 13, 1951 and February 15, 1953, which would necessarily include the period between September 5, 1952 and January 13, 1953. Therefore, we are of the opinion that the error was not prejudicial to the rights of the defendant. Under Article VII, Section 3 of the Constitution, we affirm the judgment. Plaintiff will be allowed $250 as attorney's fees on the appeal.